Nancy Colbert
142 Pennsylvania Avenue
Phoenixville, PA 19460
610-917-1116
nrcc1@protonmail.com

---

## IN THE UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF PENNSYLVANIA

---

Nancy Colbert,
                *Plaintiff*

Case NO. 2:23-cv-03348-GEKP

Hon. Gene E.K. Pratter

**MOTION FOR ALTERNATIVE SERVICE**

**MOTION to EXTEND TIME**
if necessary

**COLLEEN OGILVIE**
**Registrar of MA Motor Vehicles,** *Defendant*
*In her individual and official capacities*

### MOTION FOR ALTERNATIVE SERVICE
### MOTION to EXTEND TIME for PROCESS of SERVICE if necessary

Plaintiff is filing this motion for court ORDER granting alternative service by another method, if necessary, that this court deems just and proper to effectuate the proper service for suing Defendant in both individual and official capacity.

If necessary, Plaintiff seeks this motion for court ORDER to extend time to properly serve the Defendant who has not been served in the instant action.

### Federal Rules of Civil Procedure Rule 4 (m)

**Time Limit for Service.** If a defendant is not served within **90 days** after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
    Service of process is the method by which federal courts assert their authority over the defendants. ***Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.***, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415, 9 Fed. R. Serv. 3d 691 (1987)

    The trial court's decision about whether or not good cause exists is reviewed for abuse of discretion. ***Ayres v. Jacobs & Crumplar, P.A.***, 99 F.3d 565, 568, 35 Fed. R. Serv. 3d 1125 (3d Cir. 1996).

## PROCEDURAL HISTORY

1. Plaintiff filed the instant action on August 25, 2023.
2. The Original SUMMONS was issued on August 29, 2023.
3. Plaintiff discovered Defendant's residential address at 6 Wigwam Circle, Arlington, MA 02474 and printed it clearly on the SUMMONS.
4. Plaintiff sent via UPS the original SUMMONS and COMPLAINT with Request for Admissions on September 18, 2023 to the appropriate Middlesex County Sheriff's Office Civil Process Division.
5. The documents arrived on September 20, 2023.
6. Plaintiff's first attempt to serve the original SUMMONS and COMPLAINT with Request for Admissions upon Defendant at her residence failed on October 3, 2023 at 11:40 AM.
7. Reason: The Deputy Sheriff, using the method of "diligent search" for "6 Wigmam Circle" instead which does not exist, failed to locate Defendant (most likely Defendant was at work).
8. The Middlesex County Deputy Sheriff, after one attempt with a misspelled street name, returned all of the documents to Plaintiff and advised Plaintiff to send them to the Norfolk County Sheriff's Office Civil Process Division where located in the same town is the Massachusetts Registry of Motor Vehicles Headquarters in Quincy, Massachusetts.
9. See **Exhibit A** for verification of all facts.
10. Plaintiff contacted the Norfolk County Sheriff's Office Civil Process Division and was told that Headquarters does not accept service of process, and that the Suffolk County Sheriff's Office must serve instead at a Boston address.
11. The Sheriff's Office also stated that an out-of-state service must be given to the Defendant directly.

12. Plaintiff researched a Boston address at https://www.mass.gov/info-details/legal-service-upon-the-rmv which directed service of process to MassDOT Office of General Counsel 10 Park Plaza, Suite 3510 Boston, Massachusetts, 02116 Attn: Litigation Center of Excellence.

13. Plaintiff contacted the Suffolk County Sheriff's Office Civil Process Division and was told that all service of process goes to the Legal Department at 136 Blackstone Street, Boston, MA 02109 and that service directly to the Defendant was not necessary, that "nobody knows who the registrar is", that "all lawsuits go to the legal department at 136 Blackstone Street".

14. Plaintiff confirmed the Registrar at https://www.mass.gov/person/colleen-ogilvie-registrar-of-motor-vehicles which provided the name and address: "Colleen Ogilvie" at PO Box 55889, Boston, MA 02205.

15. That website provides a directions link which lists 136 Blackstone Street in Boston first.

16. Plaintiff has received conflicting and confusing information from the Sheriff Offices.

17. Plaintiff is suing in individual capacity as well as official capacity and assumes the Defendant must be served directly.

18. Plaintiff has performed her due diligence in attempt to locate the home address, but Plaintiff has no way of really knowing if the said home address that she has obtained is in fact correct.

19. Plaintiff would follow the Suffolk County Sheriff Office's directions, but does not want to forfeit the court's obtaining personal jurisdiction for Plaintiff's suing in individual capacity.

> Rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of defendant is dependent upon proper service having been made. There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules: Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124, 221 A. 2d 185 (1966). Therefore, where extra-territorial jurisdiction is asserted, the act of Assembly must be strictly construed so as not to run afoul of the constitutional provisions regarding jurisdiction over the person in defiance of the due process provisions of the United States Constitution. **Leibig v. Smith, 70 Pa. D. & C.2d 371, 373–74 (Pa. Com. Pl. 1975)**

20. Massachusetts Law states:

> *Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaints to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. If the person authorized to serve process makes return*

> *that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.* https://www.mass.gov/rules-of-civil-procedure/civil-procedure-rule-4-process#-c-by-whom-served

21. Plaintiff researched actual cases and has experienced occasions in which certified mail fails to track and provide proof of signature which is so necessary in service of process.

> Representative Edwards expressed that concern, and Congress's response to it, as follows:
>
> Critics of that system of mail service argued that registered and certified mail were not necessarily effective methods of providing actual notice to defendants of claims against them.... [Under Rule 4(c)(2)(C)(ii) in H.R. 7154, s]ervice would be by ordinary mail with a notice and acknowledgment of receipt form enclosed. If the defendant returns the acknowledgment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules. **Green v. Humphrey Elevator & Truck Co.**, 816 F.2d 877, 880 (3d Cir. 1987)
>
> It is true that the federal rules authorize the use of state methods of service on extra-territorial defendants. Fed.R.Civ.P. 4(e). Pennsylvania Rule 403 requires, however, a receipt signed by the defendant or his authorized agent. Plaintiff admits that the defendant did not sign the receipts and has offered no proof that the signatures belong to defendant's authorized agents. Plaintiff, in fact, concedes that the receipts provide "no indication that the original Summons and Complaint and Acknowledgement had been delivered to defendant...." **Lampe v. Xouth, Inc.**, 952 F.2d 697, 701 (3d Cir. 1991)

22. It appears that process of service by the Suffolk County Sheriff's Office is necessary by Pennsylvania law, but whose Civil Process Division will not serve the Defendant directly, instead serving to "someone" in the Legal Department at 136 Blackstone Street, Boston, MA 02109 who may not have direct connection to the Defendant since "no one knows the Registrar".

> Sending initial process by certified mail, rather than by the sheriff, is improper. *See Mooney v. Borough of West Mifflin,* 134 Pa.Commw. 557, 578 A.2d 1384 (1990) (delivery of a complaint by certified mail rather than service by the sheriff was unacceptable and was not cured by service of an amended complaint after the expiration of the statutory period); Pa.R.C.P. 400(a).⁷ Moreover, this court has held that "[a]ttempted service by anyone else [other than the sheriff]—even a duly elected constable—does not constitute effective service." *Vogel v. Kutz,* 348 Pa.Super. 133, 501 A.2d 683 (1985). **Cahill v. Schults,** 434 Pa. Super. 332, 340, 643 A.2d 121, 125 (1994)
>
> By analogy to these cases, we hold that the "person for the time being in charge" of any office or usual place of business of the defendants for purposes of Pennsylvania Rule of

Civil Procedure 402 must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service. A "person for the time being in charge" should either derive or appear to derive authority from the party upon whom service is attempted. **Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir. 1993)**

23. If the court deems direct service to Defendant is necessary, more time for service may be necessary to meet that requirement unless the court orders a more certain method.

24. Plaintiff later called the Middlesex County Deputy Sheriff who stated that he does not perform process service after business hours [which would be necessary to serve Defendant at home], that he did go to the correct "Wigwam" Circle during business hours, and that the Defendant does not reside in Middlesex County according to a "diligent search."

25. Plaintiff needs a secure and certain method of service of process to not burden the court any further while meeting the requirements of due process for the Defendant.

26. No defense lawyer has appeared in the matter yet to require Certificate of Service, nor to determine consent.

### Request No 1: Motion For Alternative Service

Presuming the necessity to serve the Defendant directly for suing in individual as well as official capacity, while considering the failed "diligent search" by the Middlesex County Deputy Sheriff and incorrect advice to serve in Norfolk County, then the uncertain information received by the Suffolk County Civil Process Division for suing the Defendant in her individual capacity, it is appropriate to order alternative proper service of process using certain methods authorized by the Court that comport with due process by being reasonably calculated to give notice as per Federal Rules of Civil Procedure.

> In view of the fact that jurisdiction in this matter is asserted over a nonresident defendant served beyond the territorial limits of this Commonwealth, a serious question of due process of law is involved and procedural due process must, therefore, be established and met. **Leibig v. Smith, 70 Pa. D. & C.2d 371, 373 (Pa. Com. Pl. 1975)**

### Request No 2: Motion To Extend Time For Process Of Service

Plaintiff is acting diligently and reasonably, and believes as a pro active measure that in the interest of Defendant's right to be properly served, there is good cause to issue an extension of time to complete the service of process upon Defendant:

Mandatory extension for "good cause". The court must extend the deadline for service if the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4(m).[1]

"good cause may be found where the plaintiff acted diligently and reasonably, **_Raynor v. District of Columbia,_** 296 F. Supp. 3d 66, 73, 99 Fed. R. Serv. 3d 418 (D.D.C. 2017)

**WHEREFORE,** Plaintiff, Nancy Colbert, respectfully moves this Honorable Court for an ORDER to deem sufficient the process service of Suffolk County Sheriff's Civil Process Division's delivery of Summons, Complaint and Request for Admissions to a Legal Department person at 136 Blackstone Street, Boston, MA 02109 as a sufficient "direct connection" agent for the court to acquire personal jurisdiction over Defendant being sued in both individual and official capacity, <u>or</u> for an ORDER providing a certain alternative service that this Honorable Court deems just and proper under the circumstances to effectuate the service under the due process of Fed. R. Civ. P. 4 for Defendant being sued in her individual as well as official capacity, if that be the Boston Marshal's service or this Honorable Court's mailing.

Simultaneously, Plaintiff also respectfully moves this Honorable Court for an ORDER to extend time for service as a pro-active measure if personal delivery is required, in case any further difficulties ensue for Plaintiff to achieve due process for Defendant.

Together with such other relief as this Honorable Court may deem reasonable and just under the circumstances.

Respectfully submitted,

_Nancy Colbert_     Date: October 12, 2023
Nancy Colbert, Plaintiff

---

[1] Rule 4. Summons, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 4

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA

COUNTY OF CHESTER

    I, Nancy Colbert, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

    I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

    Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ / _____ /2023.

Signed: _Nancy Colbert_____

          Nancy Colbert

Notary as JURAT CERTIFICATE

State of Pennsylvania, _Chester County_____

BEFORE ME personally appeared Nancy Colbert who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_Patricia M Kraynak_____

Notary Public,

My commission expires: 2/21/2024

> Commonwealth of Pennsylvania - Notary Seal
> Patricia M. Kraynak, Notary Public
> Chester County
> My commission expires February 21, 2024
> Commission number 1239955
> Member, Pennsylvania Association of Notaries

Page 7 of 7

# The Commonwealth of Massachusetts
## Middlesex Sheriff's Office
### Civil Process Division
40 Brick Kiln Road
Chelmsford, MA 01824
Phone (617) 547-1171  Fax (617) 868-7244

**Peter J. Koutoujian**
SHERIFF

NANCY COLBERT
142 PENNSYLVANIA AVE
PHOENIXVILLE PA 19460

Court Docket #: 23-CV-03348
Amount Due: $ 0.00
Invoice #: 23012452
Invoice Date: 10/04/2023
Your File #:

Phone: 610-917-1116

PLEASE NOTE: RETURN THIS TOP PORTION WITH YOUR PAYMENT

---

Payment of this invoice is due upon receipt

## Payment Due Upon Receipt

Writ: SUMMONS AND COMPLAINT, EXHIBITS, REQUEST FOR ADMISSIO

Please send a copy of this invoice with your remittance

NANCY COLBERT
vs.
COLLEEN OGILVIE

Invoice #: 23012452
Invoice Date: 10/04/2023
Court: US DISTRICT PENNSYLVANIA

Serve:  COLLEEN OGILVIE
        6 WIGMAM CIR
        ARLINGTON MA 02474

Served by Deputy Sheriff: KEVIN KELLEY
Service Date/Time: 10/03/2023  11:40 am
Method of Service: Diligent Search

| **Fees** | **Amount** |
|---|---|
| Diligent Search | 25.00 |
| **Total Fees** | **25.00** |

| **Payment Date** | **Receipt #** | **Check #** | **Amount** |
|---|---|---|---|
| 09/22/2023 | 389350 | 006338 | 100.00 |
| **Total Payments** | | | **100.00** |

Amount Due: 0.00
Refund to follow: $75.00

Page 1 of 1

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County

DATE OF SERVICE

| | |
|---|---|
| NANCY COLBERT<br>*Plaintiff(s)*<br>v.<br>COLLEEN OGILVIE,<br>REGISTRAR OF THE MASSACHUSETTS<br>REGISTRY OF MOTOR VEHICLES, IN HER<br>INDIVIDUAL AND OFFICIAL CAPACITIES<br>*Defendant(s)* | Civil Action No.   23-cv-03348 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

COLLEEN OGILVIE
6 Wigwam Circle
Arlington, MA 02474

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
NANCY COLBERT
142 PENNSYLVANIA AVENUE
PHOENIXVILLE, PA 19460

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   8/29/2023

*s/ Ashley Mastrangelo*
*Signature of Clerk or Deputy Clerk*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA



# The Commonwealth of Massachusetts
## Middlesex Sheriff's Office
Civil Process Division
40 Brick Kiln Road
Chelmsford Ma, 01824
Phone (617) 547-1171 Fax (617) 868-7244

Select One:     Return: ✓     Diligent Search: _____     Special Service: _____

Research (Enforcement): _____     Attempt (Enforcement): _____

Deputy: _KK_____

Jacket No.: _23 012452_____

Service/Action: _Summons/Complaint_____

Party Served: _Colleen Ogilvie_____ Contact Info: _6 Windham Cir Arlington_

Issue/Notes: _Named Deft. is the Registrar of M/V. Needs to be served in her official capacity at the following address 25 Newport Ave Ext. Quincy MA 02171. Send to Norfolk County Sheriff to serve._

*Include details on number of attempts, research conducted, and other details. For research, please describe findings, subject to applicable laws governing disclosure

Suggest Physical Arrest (Notice Capias only): _____

---

Approved by: _____        _____
                    Name                              Amount


             _____        _____
                    Title                              Date

| For COMPTROLLER'S USE ONLY |
|---|
| Amount of Refund: _____ |
| Check Number: _____ |

White: Client                    #1-035A                    Yellow: Jacket

2301245Z

 **Middlesex Sheriff's Office** • 40 Brick Kiln Rd, Chelmsford, MA 01824 • 617-547-1171
**Middlesex, ss.**

October 4, 2023

By virtue of this writ I have made diligent search for COLLEEN OGILVIE and for his/her/its last and usual place of abode, and for his tenant, agent, or attorney, but could not find him/her/it at 6 WIGMAM CIR ARLINGTON, MA 02474 within this county; I therefore return this writ without service. Fees: Diligent Search ($25.00) Total: $25.00

ATTEMPTED UNABLE TO SERVE IN HAND.   SERVE AT REGISTY OF M/V  25 NEWPORT AVE. EXT. QUINCY, MA 02171 ( NORFOLK COUNTY SHERIFFS )

Kevin Kelley

Deputy Sheriff

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| NANCY COLBERT<br>*Plaintiff(s)*<br>v.<br>COLLEEN OGILVIE,<br>REGISTRAR OF THE MASSACHUSETTS<br>REGISTRY OF MOTOR VEHICLES, IN HER<br>INDIVIDUAL AND OFFICIAL CAPACITIES<br>*Defendant(s)* | ))))))))))) | Civil Action No.   23-cv-03348 |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

COLLEEN OGILVIE
6 Wigwam Circle
Arlington, MA 02474

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
NANCY COLBERT
142 PENNSYLVANIA AVENUE
PHOENIXVILLE, PA 19460

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   8/29/2023                    *s/ Ashley Mastrangelo*
                                      *Signature of Clerk or Deputy Clerk*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

*CASE: 2-23-cv-03348-GEKP*

| | | |
|---|---|---|
| **COLBERT** | § § § § § | **EASTERN DISTRICT OF PENNSYLVANIA** |
| **VS** | | **UNITED STATES COURT** |
| **OGILVIE** | | **PHILADELPHIA COUNTY** |

# ORDER

This, the _____day of _____, 2023, the foregoing motion having been presented and heard by the Court, it is hereby ORDERED by initials that:

_____ The process service of Suffolk County Sheriff's Civil Process Division's delivery of Summons, Complaint and Request for Admissions to a Legal Department person at 136 Blackstone Street, Boston, MA 02109 is a sufficient "direct connection" agent for the court to acquire personal jurisdiction over Defendant being sued in both individual and official capacity.

_____ A certain alternative service that this Honorable Court deems just and proper under the circumstances to effectuate the service under the due process of Fed. R. Civ. P. 4 for Defendant being sued in her individual as well as official capacity which is:

_____

_____

_____ An extended time to: _____ for service as a pro-active measure for personal delivery in case any further difficulties ensue for Plaintiff to achieve due process for Defendant.

_____
*Hon. Gene E.K. Pratter*
*Judge Presiding*