IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY COLBERT,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLLEEN OGILVIE,** | : | **No. 23-3348** |
| *Defendant* | : | |

## O R D E R

**AND NOW**, this 1st day of May 2024, upon consideration of Plaintiff's Motion for Alternative Service and to Extend Time (Doc. No. 6) and Plaintiff's Addendum of Updated Facts (Doc. No. 7), it is **ORDERED** that the Motion (Doc. No. 6) is **GRANTED IN PART** as follows:

1. Insofar as Plaintiff's Motion (Doc. No. 6) requests an extension of time to serve Defendant, the Motion (Doc. No. 6) is **GRANTED**,[1] and the deadline for Plaintiff to serve Defendant with the summons and complaint is hereby **EXTENDED**, *nunc pro tunc*, to **May 31, 2024**.

   a. Plaintiff shall, on or before **June 7, 2024**, submit a detailed status update regarding whether Defendant has been properly served. This status update shall include documentation of Plaintiff's efforts to serve Defendant.

2. Insofar as Plaintiff's Motion (Doc. No. 6) requests that the Court approve an alternative method of service, the Motion (Doc. No. 6) is **DENIED**.[2]

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff has demonstrated her good-faith effort to serve Defendant, and the Court deems it appropriate at this juncture to extend time for service instead of dismissing the complaint.

[2] The Federal Rules of Civil Procedure permit service by "following state law . . . where service is made." Fed. R. Civ. P. 4(e)(2). Plaintiff seeks to serve Defendant pursuant to the law of Massachusetts, where Defendant lives. *See* Mot. at 3–4, Doc. No. 6. In Massachusetts, an individual may be served "by delivering a copy of the summons and of the complaint to him personally . . . or by leaving copies thereof

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY COLBERT,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLLEEN OGILVIE,** | : | **No. 23-3348** |
| *Defendant* | : | |

**BY THE COURT:**

**/s/ Karen Spencer Marston for Gene E.K Pratter**
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

at his last and usual place of abode[.]" Mass. R. Civ. P. 4(d)(1). If the process server "makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode," the Court may approve alternative process. *See id.* However, Plaintiff has merely demonstrated that the Middlesex County Deputy Sheriff made a single attempt to serve Defendant at her address before sending the summons and complaint back to Plaintiff. This isolated effort does not reflect the diligence required to depart from the general rule for service of process.

2