Nancy Colbert
142 Pennsylvania Avenue
Phoenixville, PA  19460
610-917-1116   nrcc1@protonmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DIVISION OF PENNSYLVANIA

Nancy Colbert,
    *Plaintiff*         Case No.  23-cv-03348

v.

Colleen Ogilvie, Registrar
Of the Massachusetts Registry of Motor Vehicles,
  *In her individual and official capacities*
  *Defendant*

## MOTION FOR SANCTIONS

Pursuant to **FRCP Rule 11 b,** Nancy Colbert, Plaintiff, moves the Court for sanctions against Defendant and her counsel.  Defendant -- having failed to timely respond to the **Revised Complaint**, having failed to take **notice of the gracious Court-sent Order to Defendant (Docket 24-26),** and having failed to timely address the **gracious Court-sent Order of Entry for Default Judgment (Docket 27-28)** without an entry of appearance -- now sidestepped the requirements for addressing Plaintiff's **Motion for Default Judgment (Docket 29)** by presenting inappropriate actions to the Court after certifying the best of

1

knowledge, information, and belief formed from inquiry **(Dockets 31, 32, 39)**.  Ignoring all applicable Law, subverting all applicable judicial rules, and lacking reasons for good cause not only exhibit Defendant's and her counsel's repeated extreme prejudice, bad faith, and lack of meritorious defense addressed in Plaintiff's **Response and Motion to Strike Response (Dockets 35/36, 37)** and in **Plaintiff's Response to Defendant's Response (Docket 40)**, <u>*all incorporated herein.*</u> These tactics also exhibited violations corresponding to the **Rules of Professional Responsibility for Lawyers (1.1 Competence; 4.1 Truthfulness; 4.4 Respect for Rights of Third Parties; 8.4 Misconduct)**.  Defendant and her counsel willfully and knowingly compromised their credibility by conduct that wasted resources and caused more damages.

1.  Specific conduct violations *corresponding to Plaintiff's **Dockets 35/36, 37 and 40** reasons of Fact and Law,* include but are not limited to:

    A.    <u>**(b) (1) improper purpose to harass and delay**</u>

    **i.** now further improper purpose stems from Defendant failing all rules for filing a Rule 12 Motion **<u>IF</u>** she had not forfeited the right to file any Rule 12 Motions once the Court gave the **Order for Entry of Default** on September 9.

    Judge Kenney's **Rule on Filing Certain Rule 12 Motions:**

    Except in cases where either side is pro se, or in bankruptcy or social security appeals, upon the filing of a complaint, the Court will file an order requiring moving counsel, before filing a motion pursuant to Fed. R. Civ. P. 12(b)(6), (e),

or (f), **to first contact opposing counsel to discuss the substance of the contemplated motion and to provide an opportunity to cure any alleged pleading deficiencies or strike certain matter. This conference shall take place at least seven days prior to the filing of the motion**. If the parties are unable to reach a resolution that eliminates the need for any of the above-mentioned motions, counsel for the moving party shall include, along with the motion, a 10 certification that the parties met and conferred regarding the alleged pleading deficiencies or matter sought to be stricken. The Court will deny any motion that fails to conform with these requirements.

**ii.** Likewise, now further improper purpose stems from Defendant's counsel failing:

 **Rule 83.6.1 Expedition of Court Business** (a) Attorneys shall promptly advise the court of the settlement or other final disposition of a case. **(b) No attorney shall, without just cause**, fail to appear when that attorney's case is before the court on a call, motion, pretrial proceeding, or trial, or present to the court vexatious motions or vexatious opposition to motions or fail to prepare for presentation to the court, or otherwise **so multiply the proceedings in a case as to unreasonably and vexatiously increase costs. (c) Any attorney who fails to comply with (a) or (b) may be disciplined as the court shall deem just.**

## B .   <u>(b) (2) unwarranted claims and defenses by existing law causing frivolous argument</u>

**i.** Pursuant to the Rule of Law -- its hierarchy of fundamentals -- Defendant's arguments to the **Motion for Default Judgment** are summarily described as "rules for thee but not for me" and "I can apply or misapply any laws and rules I want to" which renders them not only frivolous but also void for repugnancy to the **United States** and **Massachusetts Constitutions**. Defendant swore an oath to defend these documents which protect inalienable, fundamental rights, but she preferred to breach her fiduciary duty with frivolous argument, reinforced by contumacious and culpable conduct.  She demands Plaintiff submit as a legal entity to be regulated.

**ii.** Pursuant to the **Federal Rules of Civil Procedure**, Defendant frivolously argued she may "start over" by returning the judicial process <u>prior to</u>:

3

    a. the **Order for Entry of Default** granted on September 9 without having provided good cause to defend against the **Motion for Default Judgment** <u>first</u>;

    b. the August 9 deadline to defend against the **Revised Complaint,** believing she can incorporate a throw into her **Docket 32** response to **Motion for Default Judgement** of a **Rule 12** "1-2-3" punch with a "6" waiting in the wings like a cobra readying to strike its fatal venom, when in fact, Defendant lost the right to litigate a dismissal since the **Order for Entry of Default** accepted all Plaintiff's allegations as true.

    iii. the August 9 deadline for any **Rule 12** motions which moots Defendant's October 28 submission of **Docket 31**.

    iv. a Court's Order to overturn an entry of default IF Defendant had provided a reasonable good cause for delay for due process pursuant to **Dockets 6-30**.

### C. <u>(b) (3) unsupported factual contentions that no discovery could reverse</u>

Defendant's "good cause" reasons to defend against the **Motion for Default Judgment** amount to provable false statements, no admissible evidence in a judicial court, and overreaching legal determinations, all which cannot support a dismissal. Plaintiff has underscored these facts in her incorporated Responses herein.

    i. Examples from Defendant's August and September contentions:

        a. It is a FACT the Court on two occasions to two addresses sent notice and Order to Defendant who had not made an Entry of Appearance according to the Rules of the Court;

        b. It is a FACT that MassDOT CAREY contacted via email the Court and Plaintiff on September 24, <u>not October 10</u>;

        c. It is a FACT that MassDOT CAREY provided frivolous excuses for delay that exhibited the lack of following all the Rules for an Entry of Appearance.

4

> ii. Examples from Defendant's October and November contentions:
>
>> a. It is a FACT that the nation's and states' **Constitutions** protect inalienable rights which the **Federal Rules for Civil Procedure** subsume, but Defendant claims there can be no harms from denying them to delay justice;
>>
>> b. It is a FACT that Plaintiff followed the Law and Rules for granting the Court all jurisdiction and venue, but Defendant claims that evidence does not exist.
>>
>> c. It is a FACT that Defendant claimed lack of subject matter jurisdiction in its document title (**Docket 31**), but then failed to state any elements (both **Docket 31 and 32**) because there are none Plaintiff did not meet for the Court's adjudication.

### D.   (b) (4) unwarranted denials of Plaintiff's relevant factual allegations

Defendant, without warrant from good cause, denied all factual allegations in Plaintiff's **Motion for Default Judgment**. While her multiple omissions of allegations in the **Revised Complaint** are not the present focus because of the **Order for Entry of Default** entered on September 9, her repetitive failures first to timely respond to a pleading and address a Court Order, and then her **Dockets 31** and **32**, all indicated her lack of a meritorious defense. She chose to engage contumacious and culpable conduct, and then rely on frivolous argument at the last desperate moment. Defendant's irrelevant Response to Plaintiff's Motion to Strike (**Docket 39**) provides a final summary exhibit of evidence which Plaintiff identified in **Docket 40**.


2.   By this contumacious and culpable conduct with frivolous arguments, Defendant has preemptively exhausted good cause for a motion pursuant to **FRCP 60 (b)** subsequent to an Order for default judgment Plaintiff seeks, unless Defendant wants to submit more inappropriate actions to the Court after certifying the best of knowledge, information, and belief formed from inquiry.

3.   On November 14, Plaintiff emailed her intent to file this motion to Defendant' counsel: steve@steveharveylaw.com and kelly@steveharveylaw.com .

4.   Plaintiff has received no response.

5.   Plaintiff certifies this motion is uncontested.

**WHEREFORE**, Plaintiff moves the Court to sanction Defendant and her counsel by ordering:

a) Defendant payment of penalty to the Court for frivolous arguments with false statements, unsupported contentions, and unwarranted denials for improper purpose and to cover for lack of meritorious defense, reinforced by contumacious and culpable conduct -- <u>especially in light of the Court's having sent gracious notice and Order on two occasions to two addresses when Defendant had no entry of appearance</u>;

b) as the Court shall deem just pursuant to the **Rules of Professional Responsibility for Lawyers (1.1 Competence, 4.1 Truthfulness; 4.4 Respect for Rights of Third Parties; 8.4 Misconduct)**, discipline counsel who made an entry of appearance only after the **Motion for Default Judgment** and proceeded, after certifying the best of knowledge, information, and belief formed from inquiry, to exacerbate the contumacious and culpable conduct already in practice with frivolous arguments, false statements, unsupported contentions, no admissible evidence in a judicial court, overreaching legal determinations, and unwarranted denials for improper purpose and to cover for lack of meritorious defense.

Respectfully submitted November 22, 2024,

*/s Nancy Colbert*

Nancy Colbert

## CASE: 2-23-CV-03348-CFK

| | | |
|---|---|---|
| **Colbert** | § § § § § § | **Eastern District of Pennsylvania** |
| v | | **United States Court** |
| **OGILVIE** | | **Philadelphia County** |

## ORDER

This, the _____ day of _____, 2024, the foregoing motion having been presented and heard by the Court, it is hereby ORDERED that pursuant to **FRCP Rule 11 (b)**.

Defendant and her counsel hereby receive penalty for damages to the Plaintiff and the Court accordingly:

_____

____ Defendant must pay the Court a penalty of $_____;

____ Defendant's Counsel will be justly disciplined by _____

_____
_____
_____
_____
_____

_____
Hon. Chad F. Kenney
Judge Presiding

7

CERTIFICATE OF SERVICE

I hereby certify that on this date, November 22, 2024, I caused a true and correct copy of the foregoing MOTION FOR SANCTIONS <u>emailed</u> to:

steve@steveharveylaw.com and kelly@steveharveylaw.com

      AT:

      STEVE HARVEY LAW LLC

      Stephen G. Harvey Stephen G. Harvey (PA 58233)
      1880 John F. Kennedy Blvd. Suite 1715
      Philadelphia, PA 19013 (215) 438-6600

BY:  <u>/s Nancy Colbert</u>

      Nancy Colbert

      142 Pennsylvania Avenue

      Phoenixville, PA  19460

      6109171116

      nrcc1@protonmail.com