IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY COLBERT,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLLEEN OGILVIE,** | : | |
| *Defendant.* | : | **NO. 23-cv-03348** |

**MEMORANDUM**

**KENNEY, J.**                                                                                                           **December 16, 2024**

In this case, Plaintiff Nancy Colbert alleges that after receiving traffic citations in Massachusetts, the Massachusetts Registry of Motor Vehicles unfairly assessed her additional fees beyond the original citation amount. Plaintiff claims these actions, along with others taken by non-party Massachusetts officials and the Dudley Municipal Court in Massachusetts, violated her constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

Presently before the Court is Defendant's Motion to Dismiss (ECF No. 31).

I.   **BACKGROUND**

Plaintiff, Nancy Colbert, a resident of Pennsylvania, brings this action against Colleen Ogilvie, the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, in both her individual and official capacities. ECF No. 21 (Am. Compl.) at 1. Plaintiff alleges that on August 28, 2021, a Massachusetts State Trooper stopped Plaintiff while she was driving and issued her traffic citations for speeding and failing to drive in the right lane, resulting in a total fine of $240. *See id.* ¶¶ 8, 29. Subsequently, the Massachusetts Registry of Motor Vehicles levied an additional $100 fee on Plaintiff, bringing the total to $340. *See id.* ¶ 89. Plaintiff then engaged in communications with Massachusetts officials, including those from the Registry of Motor

Vehicles and the Dudley Municipal Court, regarding these citations and associated fees. *See id.* ¶¶ 44–53, 88–99. According to Plaintiff, these actions violated her constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. *See id.* ¶ 1. Plaintiff seeks compensatory damages, threefold damages, punitive damages, recovery costs including attorney's fees, injunctive relief, declaratory relief, and asks the Court to empanel a grand jury to investigate these allegations. *See id.* ¶¶ 132–34.

Plaintiff originally filed her Complaint on August 25, 2023, ECF No. 1, and an Amended Complaint on June 4, 2024, ECF No. 11. Plaintiff then served Defendant with her Amended Complaint via alternative service on July 1, 2024.[1] After receiving no response from Defendant, Plaintiff filed a Motion for Entry of Default "pursuant to Federal Rule of Civil Procedure 55(b)(2)." ECF No. 23. The Court denied that motion without prejudice. ECF No. 24. On August 15, 2024, Plaintiff filed another motion for entry of default, ECF No. 25, which the Court granted, ECF No. 27. On September 9, 2024, the Clerk of Court entered a default pursuant to Federal Rule of Civil Procedure 55(a) against Defendant. ECF No. 27.

On September 18, 2024, Plaintiff filed a Motion for Default Judgment. ECF No. 29. On September 24, 2024, counsel for Defendant contacted the Court to inform it that it is seeking

---

[1] On October 16, 2023, Plaintiff moved for alternative service and to extend time to serve Defendant, ECF No. 6, which the then-presiding judge, Judge Pratter, granted in part and denied in part, ECF No. 8. Judge Pratter allowed Plaintiff additional time to serve her complaint on Defendant, but denied Plaintiff's motion for alternative service on the basis that the process server only made "a single attempt to serve Defendant at her address," which "does not reflect the diligence required to depart from the general rule for service of process." ECF No. 8. On June 4, 2024, Plaintiff filed her Amended Complaint, but still had not served Defendant. ECF Nos. 11, 12. After the Court ordered Plaintiff to serve Defendant and file an affidavit of service or a waiver of service on the Docket by July 5, 2024, ECF No. 13, Plaintiff filed her second motion for alternative service, ECF No. 14. The Court granted Plaintiff's motion on June 26, 2024, ECF No. 19, and Plaintiff filed her proof of service on the docket on July 1, 2024, ECF No. 20.

counsel that is admitted to practice in Pennsylvania and would respond to Plaintiff's Motion as soon as possible. ECF No. 30 at Ex. A.[2] On October 28, 2024, Defendant filed a Motion to Dismiss, ECF No. 31, and a Response in Opposition to Plaintiff's Motion for Default Judgment, ECF No. 32. On November 3, 2024, Plaintiff filed her reply, ECF Nos. 35, 36, as well as a Motion to Strike Defendant's Motion to Dismiss, ECF No. 37. On November 14, 2024, Defendant filed a Response in Opposition to Plaintiff's Motion to Strike, ECF No. 39, and that same day, Plaintiff filed her reply, ECF No. 40.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion "presents a 'facial' attack or a 'factual' attack." *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case—and here the

---

[2] As represented by Defendant's counsel in the email, because Defendant is an employee of the Massachusetts Department of Transportation, Registry of Motor Vehicles, she is, by statute, represented by the Office of the Attorney General of Massachusetts. *See* ECF No. 30 at Ex. A. However, because there are no Assistant Attorneys General in that office who are admitted to practice in Pennsylvania, Defendant needed to find counsel who could represent her in this Court. *Id.*

District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Id.*

Here, Defendant presents a facial attack: that Plaintiff's Amended Complaint fails to present a question of a federal law. *See* ECF No. 31-1 at 2 (arguing that the Amended Complaint does not provide any "federal law basis for any purported claims by Plaintiff against Defendant in her official or unofficial capacity"). Accordingly, "the court must only consider the allegations of the [Amended] [C]omplaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa.*, 757 F.3d at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

### B. Venue

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). The purpose of venue, in most instances, "is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." *Great W. Mining & Min. Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011). "When considering a motion to dismiss for improper venue, the court must generally accept as true the allegations in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Zero Techs., LLC v. Clorox Co.*, 713 F. Supp. 3d 40, 56 (E.D. Pa. 2024) (citation omitted). When venue is defective, 28 U.S.C. § 1406(a) authorizes the court to dismiss.

### C. Personal Jurisdiction

4

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction challenges the Court's ability to assert judicial power over the defendant. Fed. R. Civ. P. 12(b)(2). In reviewing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a defendant challenges a court's personal jurisdiction, the plaintiff must then establish its existence. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) ("Once challenged, the plaintiff bears the burden of establishing personal jurisdiction."). The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

### III. DISCUSSION

In Defendant's Motion to Dismiss, Defendant asserts three grounds for dismissal: (1) lack of subject matter jurisdiction; (2) improper venue; and (3) lack of personal jurisdiction.[3] As described in detail below, although the Court finds that it has subject matter jurisdiction over the case, the Court will nonetheless grant Defendant's Motion to Dismiss given that venue is improper and it lacks personal jurisdiction over Defendant.

#### A. The Court has subject matter jurisdiction.

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

---

[3] Defendant also raises sovereign immunity as a ground for dismissal. However, given the Court's conclusions that it lacks personal jurisdiction over Defendant and venue is improper in this District, the Court need not rule on Defendant's sovereign immunity defense.

jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, pro se litigants must be held "to a lesser pleading standard than other parties," *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), and their pleadings must be "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, liberally construed, Plaintiff's Amended Complaint appears to allege constitutional violations under 42 U.S.C. § 1983, including for unreasonable search and seizure under the Fourth Amendment and violation of her due process rights under the Fifth Amendment. *See* ECF No. 21 (Am. Compl.) ¶¶ 9–29 (alleging that the traffic stop conducted by the Massachusetts state trooper, a non-party to the suit, was an unreasonable search and seizure under the Fourth Amendment), 115 (alleging that Defendant deprived Plaintiff of her due process rights when the Massachusetts Registry of Motor Vehicles failed to provide her an opportunity to challenge the fines imposed against her). That much is enough for a finding of federal question jurisdiction under the well-pleaded complaint rule. *See, e.g., Fleming v. Warren*, No. 19-cv-2926, 2019 WL 5086962, at *4 (E.D. Pa. Oct. 10, 2019) (holding that, "under the liberal pleading standard afforded to pro se parties," the court had federal question jurisdiction over pro se plaintiffs' claims that the defendant "violated their procedural due process rights when he misled them [and failed to notify them] as to the amount of reimbursement the Pennsylvania Department of Human Services claimed" and that a non-party "denied them due process by withholding the use, possession, and control of the Estate's settlement funds from them"), *aff'd*, 812 F. App'x 102 (3d Cir. 2020).

### B. Venue is improper in this district.

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) "a judicial district in which a substantial part

6

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, Defendant Ogilvie does not reside in the Eastern District of Pennsylvania, and by Plaintiff's own allegations, the events giving rise to the claim occurred in Massachusetts.  *See, e.g.*, ECF No. 21 (Am. Compl.) ¶¶ 8–29  (alleging that on August 28, 2021, Plaintiff was driving in Worcester County, Massachusetts when she was stopped and cited by a Massachusetts State Trooper).  And because there is a district in which this action may be brought—namely, the District of Massachusetts—the third option is unavailable.  Accordingly, venue is improper in this District.

### C.  The Court does not have personal jurisdiction over Defendant.

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); Fed. R. Civ. P. 4(k)(1)(A).  The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States."  42 Pa. Stat. and Cons. Stat. Ann. § 5322(b).  Thus, "the reach of Pennsylvania's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment."  *Leone v. Cataldo*, 574 F. Supp. 2d 471, 477 (E.D. Pa. 2008) (citing *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods Co.*, 75 F.3d 147, 150 (3d Cir. 1996)).  "Accordingly, in determining whether personal jurisdiction exists, [the Court must] ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *O'Connor*, 496 F.3d at 316–17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

7

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Id.* at 317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984)). Defendant—who is a Massachusetts state official—lacks the "continuous and systemic" Pennsylvania contacts needed to support general jurisdiction, *see id.*, so the Court only needs to consider whether it has specific jurisdiction over Defendant.

"The inquiry as to whether specific jurisdiction exists has three parts." *See id.* "First, the defendant must have 'purposefully directed [its] activities' at the forum." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (citing *Helicopteros*, 466 U.S. at 414) (additional citations omitted). "And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

Here, the Court does not have specific personal jurisdiction over Defendant. Plaintiff establishes no sufficient contacts to support jurisdiction. She does not establish any facts to show that Defendant, whether in her official or individual capacity, has purposefully directed any actions towards Pennsylvania. Nor has she established any facts to show that this litigation arises out of or relates to any of Defendant's activities in Pennsylvania. To the contrary, all of Plaintiff's claims arise from events that took place in Massachusetts involving Massachusetts state officials—including a Massachusetts State Trooper, clerks, a magistrate judge, a judge from a municipal court in Massachusetts, and the named Defendant, who is the Registrar for the Massachusetts Registry of Motor Vehicles. *See, e.g.*, ECF No. 21 (Am. Compl.) ¶¶ 9 (alleging that Plaintiff was traveling in Charlton, Massachusetts), 29 (alleging that a Massachusetts state trooper stopped Plaintiff), 44–84 (describing interactions between Plaintiff and clerks from a municipal court in Massachusetts);

85–94 (alleging that Ogilvie is "the source of breach of fiduciary duty and actual damages"). Indeed, the only connection between this case and Pennsylvania is where *Plaintiff* resides, which is in Phoenixville, Pennsylvania. *See id.* at 1. That is not a basis for this Court to find personal jurisdiction over Defendant.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss (ECF No. 31). An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**