IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY COLBERT,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **COLLEEN OGILVIE,** | : | |
| *Defendant.* | : | **NO. 23-cv-03348** |

**MEMORANDUM**

**KENNEY, J.**                                                                                                            **March 4, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. On December 16, 2024, this Court dismissed Plaintiff's Amended Complaint with prejudice. *See* ECF Nos. 45–46. On December 17, 2024, Plaintiff Nancy Colbert filed her Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a)(2). ECF No. 47. Defendant Colleen Ogilvie filed her response on January 9, 2025, arguing that "Plaintiff's motion is procedurally improper and also fails on its merits." ECF No. 49 at 1. The Court agrees, and accordingly, Plaintiff's Motion for New Trial is denied.

**I.     DISCUSSION**

Plaintiff's Motion for New Trial under Federal Rule of Civil Procedure 59(a)(2) fails because it is both procedurally improper and cannot withstand scrutiny on the merits. As a result, the Motion is denied.

**A.  Applicability of Federal Rule of Civil Procedure 59(a)(2)**

Plaintiff's reliance on Federal Rule of Civil Procedure 59(a)(2) for review of the Court's decision on the Motion to Dismiss is misplaced. Under Federal Rule of Civil Procedure 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been

entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Plaintiff attempts to use Rule 59(a)(2) "to direct the entry of a new judgment" in her favor. *See* ECF No. 47 at 1. However, there was no trial, non-jury or otherwise, in this matter. Rule 59(a)(2) is a procedural mechanism for recourse following "a nonjury trial." Accordingly, Plaintiff is unable to obtain relief under Rule 59(a)(2).

### B. Federal Rule of Civil Procedure 59(e)

The Court will elect to construe Plaintiff's Motion for New Trial as a Rule 59(e) "Motion to Alter or Amend a Judgment," known colloquially as a motion for reconsideration. *See* Fed. R. Civ. P. 59(e); *U. Spine Ctr. v. Cigna Health and Life Ins. Co.*, No. CV2202051SDWLDW, 2023 WL 5125443, at *2 (D.N.J. Aug. 10, 2023). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Boardakan Rest. LLC v. Atl. Pier Assocs., LLC*, No. 11-5676, 2013 WL 5468264, at *4 (E.D. Pa. Oct. 2, 2013).

Plaintiff does not appear to argue that the first or second scenarios are applicable here. Instead, Plaintiff's filing can be construed to argue that there exists a "need to correct a clear error of law or fact or to prevent manifest injustice," namely, that the Court erred in finding that venue was improper in the Eastern District, and that the Court could not exercise jurisdiction over

2

Defendant Colleen Ogilvie. The Court does not find that it erred on either issue, therefore, Plaintiff's Motion for Reconsideration is denied.

### 1. Venue

First, the Court previously found that venue is not proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because "Defendant Ogilvie does not reside in the Eastern District of Pennsylvania, and by Plaintiff's own allegations, the events giving rise to the claim occurred in Massachusetts." ECF No. 45 at 7. Plaintiff now argues that venue is indeed proper in the Eastern District of Pennsylvania because "Plaintiff's substantial part of property that is the subject of the action is situated in Pennsylvania," and "Defendant's threat prevents fair play and substantial justice against Plaintiff's filing in Massachusetts." ECF No. 47 at 3.

Plaintiff fails to show any clear error of law warranting reconsideration of this issue. Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The Court discerns from the briefing that the "property" Plaintiff argues is the subject of this suit are her own funds sought by the Massachusetts Registrar of Motor Vehicles for payment of Plaintiff's motor vehicle violations. *See* ECF No. 51 at 7 ("Thus, Defendant's three mailings which Plaintiff received in Pennsylvania claiming property in Pennsylvania cause hardly just a 'desire' for filing a Rule 59 motion."); ECF No. 50 at 22 (Exhibit A portraying a "Schedule of Assessments for Civil Motor Vehicle Infractions"). However, this case concerns a suit for monetary damages against Defendant, with Plaintiff alleging constitutional violations under 42 U.S.C. § 1983. *See* ECF No. 45 at 6. Plaintiff did not allege a property dispute over funds located in this District in her Amended Complaint.

Further, Plaintiff's assertion that she would be prejudiced by filing in Massachusetts is unavailing. "[A]ny prejudice Plaintiff may suffer…is not relevant to the determination of whether

venue is or is not proper in the federal courts of Pennsylvania, particularly, the Eastern District." *Infinity Computer Products, Inc. v. OKI Data Americas, Inc.*, No. CV 12-6797, 2018 WL 1035793, at *8 (E.D. Pa. Feb. 23, 2018). Accordingly, Plaintiff fails to show a clear error of law warranting reconsideration of the venue issue.

### 2. Personal Jurisdiction

Plaintiff next argues that personal jurisdiction was established over Defendant Ogilvie when she sent mailings to Plaintiff regarding her citations in Massachusetts. *See* ECF No. 47 at 4 ("Defendant purposefully directed her mail activities at Plaintiff in Pennsylvania; the defendant purposefully availed herself of the privilege of conducting activities within the forum state."). While it is true that mailings "sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction," *Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993), "communications or mail sent by a defendant [do] not trigger personal jurisdiction if they do not show purposeful availment." *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D. Pa. 1999) (internal quotations omitted).

Indeed, Plaintiff herself made clear that communications from the Defendant were "largely responsive to" Plaintiff's own contact with the Massachusetts Registry of Motor Vehicles. *See Abira Med. Laboratories, LLC v. Anthem Blue Cross Blue Shield Mo.*, No. CV 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024). Specifically, Exhibit E to Plaintiff's Amended Complaint contains copies of mail correspondence responding to Plaintiff's "inquiry and request for a civil hearing for Massachusetts Citation 115284AB" and "request for a Clerk Magistrate's hearing regarding [] civil motor vehicle infraction(s)." *See* ECF No. 21 at 87–88. Accordingly, Plaintiff's argument that Defendant's mailings into Pennsylvania are sufficient to establish personal jurisdiction is unavailing, and Plaintiff fails to show a clear error of law warranting reconsideration.

## II.  CONCLUSION

For the reasons stated herein, the Court will deny Plaintiff's Motion for New Trial (ECF No. 47).  An appropriate order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**