IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY COLBERT,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **COLLEEN OGILVIE,** | : | |
| *Defendant.* | : | NO. 23-cv-03348 |

MEMORANDUM

**KENNEY, J.**                                                                                     May 2, 2025

The Court writes for the benefit of the Parties and assumes familiarity with the facts and procedural history of the case. On March 4, 2025, the Court denied Plaintiff's Motion for New Trial, which it also evaluated as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). *See* ECF No. 54. Soon thereafter, on March 13, 2025, Plaintiff filed a Motion for Relief under Federal Rule of Civil Procedure 60(b)(6). *See* ECF No. 56 ("Mtn."). Defendant Colleen Ogilvie responded to the Motion on April 2, 2025, *see* ECF No. 58, and Plaintiff filed her Reply on April 3, 2025. *See* ECF No. 59. Upon review of the briefing, the Court will deny Plaintiff's Motion for Relief under Federal Rule of Civil Procedure 60(b)(6). To the extent that Plaintiff also seeks to relitigate her Motion for Reconsideration, the Court will decline to reconsider its ruling.

  **I.**  **Discussion**

Under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason [aside from those enumerated in subsections (1)–(5)] that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "provides a catchall for 'any other reason that justifies relief'" that applies "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. U.S.*, 596 U.S. 528, 533 (2022) (citing

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)). "[C]ourts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (cleaned up). To obtain relief under Rule 60(b)(6), "material offered in support of [the] motion . . . must be highly convincing." *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) (summary order)). Ultimately, granting or denying relief under Rule 60(b)(6) is within the Court's discretion. *See Bachman Co. v. McGonigle*, 855 F. Supp. 759, 763 (E.D. Pa. 1994) (citing *Lasky v. Continental Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)).

Plaintiff, as movant, has failed to show the presence of extraordinary circumstances warranting relief under Rule 60(b)(6). Here, Plaintiff appears to assert that she is entitled to relief under Rule 60(b)(6) because the "Defendant has been clearly favored and protected." Mtn. at 1. The Court interprets this argument to mean that, by finding venue improper in the Eastern District of Pennsylvania and determining that it lacks personal jurisdiction over the Defendant, the Court "favored" and "protected" the Defendant. However, the Court reviewed each filing on the docket and neutrally applied the law to the facts of the case. The Court found venue improper and personal jurisdiction lacking based on its analysis and dismissed the action accordingly. Plaintiff's discontentment with the Court's ruling is not an "extraordinary circumstance" warranting relief from the dismissal under Rule 60(b)(6). *See, e.g.*, *Johnson v. Clarke*, No. 1:21-CV-121, 2024 WL 5414802, at *2 (W.D. Pa. Sept. 23, 2024) (denying relief under Rule 60(b)(6) where Plaintiff was merely "dissatisfied with the outcome of the case and [sought] to have [the] Court re-examine its prior decision").

Further, Plaintiff's assertion that she is the subject of "exceeding prejudice," Mtn. at 5, does not constitute an "extraordinary circumstance" for purposes of Rule 60(b)(6). Indeed, the

Third Circuit has made clear that even assertions of "inequities" or "manifest injustice" alone do not meet the standard of "extraordinary circumstance." *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1347 (3d Cir. 1987); *see also Savage v. Bonavitacola*, 316 F. App'x 191, 193 (3d Cir. 2009) (quoting *Moolenaar*, 822 F.2d at 1347).

To the extent that Plaintiff is making any legal argument regarding the Court's analysis, the Court made its ruling and analysis clear at the Motion to Dismiss stage and in ruling on the Motion for Reconsideration.  *See* ECF Nos. 45, 54.  Even so, any legal error that Plaintiff alleges the Court made in its rulings can be addressed on appeal.  *See Davis v. Bank of Am., NA,* No. 1:19-13515-NLH-MJS, 2022 WL 683025, at *5 (D.N.J. Mar. 8, 2022), *aff'd sub nom. Davis v. Mariano*, No. 22-1608, 2023 WL 2133210 (3d Cir. Feb. 21, 2023) (citing *Martinez–McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977)).

Further, Plaintiff's cursory reference to "the need to correct clear errors of law or fact or to prevent manifest injustices" indicates that Plaintiff also attempts to have the Court reconsider once more its decision on the Motion to Dismiss.  *See* Mtn. at 6–7.  The Court will decline to do so for the reasons stated in its previous ruling on the motion for reconsideration.  *See* ECF Nos. 54, 55; *see also In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 07-MD-01871, 2011 WL 4945713, at *1 (E.D. Pa. Oct. 14, 2011) ("[Motions for reconsideration] are not to be used as a means to reargue matters already disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." (cleaned up)).

## II.     Conclusion

For the reasons stated above, the Court will deny Plaintiff's Motion.  An appropriate order will follow.

3

                                **BY THE COURT:**

                                **/s/ Chad F. Kenney**

                                _____

                                **CHAD F. KENNEY, JUDGE**